IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

JUSTIN RAY TEETS,                          )
                                           )
                    Plaintiff,             )
                                           )
          v.                               )    No. 2:20-cv-1334-WSH
                                           )
JOHN DOE ONE, JOHN DOE TWO,                )
and JOHN DOE THREE,                        )
                                           )
                    Defendants.            )

MEMORANDUM OPINION

Presently before the Court are Plaintiff's Response to Rule to Show Cause (Doc. No. 4) and Motion to Conduct Limited Expedited Discovery (Doc. No. 5) informing the Court that he has been unable to discern to identities of three "John Doe" Defendants in order to serve copies of the Summons and Complaint on each of them in accordance with Federal Rule of Civil Procedure 4. Plaintiff seeks leave to discover the identities of these John Doe Defendants, and then intends to amend the Complaint accordingly and effectuate service on them before the applicable statute of limitations expires.  (See Doc. No. 4, ¶¶ 8-9).  Plaintiff's Motion to Conduct Limited Expedited Discovery will be granted, and Plaintiff will be permitted until May 7, 2021 to effectuate service in accordance with Fed. R. Civ. P. 4(m), for the reasons that follow.

Plaintiff's Complaint alleges claims pursuant to 42 U.S.C. § 1983 for purported violations of the Fourth and Fourteenth Amendments to the United States Constitution along with supplemental state law claims for false arrest, false imprisonment, negligence, and gross negligence.  (Doc. No. 1).  More specifically, Plaintiff alleges he had been incarcerated at Pennsylvania's State Correctional Institution at Mercer ("SCI Mercer") with a maximum release date of June 28, 2019, but the three John Doe Defendants "knew, or should have known, that the Plaintiff was being held beyond his maximum sentence date" and "act[ed] in concert and

conspiracy, without cause or justification, [to] subject[] the Plaintiff to an unlawful seizure" by keeping him incarcerated beyond the conclusion of his sentence until July 15, 2019. (Doc. No. 1, ¶¶ 9, 10, 12, 13). All three John Doe Defendants are alleged to be employed by the Department of Corrections of the Commonwealth of Pennsylvania at SCI Mercer. (Doc. Nos. 1, ¶¶ 5-7; 5, ¶ 2).

Plaintiff seeks leave to conduct limited, expedited discovery to determine the identities of each John Doe Defendant by way of two non-party subpoenas. One of the proposed subpoenas is directed to the Superintendent of SCI Mercer and commands production of Plaintiff's "inmate file" along with all documents which relate to Plaintiff's release from incarceration. (Doc. No. 5-1). The other proposed subpoena is directed to the SCI Mercer Deputy Superintendent for Centralized Services and commands production of every document, email, and/or record verifying the identity of each SCI Mercer Intake Officer, Counselor, Clerk, or other SCI employee who reviewed Plaintiff's records for  the purposes of calculating his release date. (Doc. No. 5-2). Plaintiff contends that these non-party subpoenas are narrow in scope and necessary to determine the true identities of the John Doe Defendants, that good cause exists to permit these limited and expedited discovery efforts, and that granting such leave will not prejudice or present unnecessary hardship to any Defendant. (Doc. No. 5, ¶¶ 5, 8, 9). The Court agrees.

A party "may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except . . . by court order." Fed. R. Civ. P. 26(d)(1). However, courts have broad discretion to manage the discovery process and may expedite or otherwise alter the time and sequence of discovery. See In re Fine Paper Antitrust Litig., 685 F.2d 810, 817 (3d Cir. 1982) ("matters of docket control and conduct of discovery are committed to the sound discretion of the district court"). Generally, a "good cause" standard applies to motions for leave to conduct expedited discovery prior to participation in a Rule 26(f) conference, whereby the court considers the totality of the circumstances to discern whether the need for expedited discovery, in

consideration of the administration of justice, outweighs the prejudice to the responding party. See e.g., Strike 3 Holdings, LLC v. Doe, No. 1:18-cv-2674, 2020 WL 3567282, at *4-5 (D.N.J. June 30, 2020) (applying non-exclusive list of factors for determining "good cause"); Leone v. Towanda Borough, Civil Action No. 3:12-0429, 2012 WL 1123958 (M.D. Pa. Apr. 4, 2012) (applying good cause standard to request for expedited discovery).

Here, Plaintiff cannot participate in a Rule 26(f) conference at this juncture because he does not know the identities of the Defendants and has instead pled stand-in "John Does" as placeholders until their identities may be discerned and process served upon them.  The Third Circuit instructs:

> The need for discovery before testing a complaint for factual sufficiency is particularly acute for civil rights plaintiffs, who often face informational disadvantages.  Plaintiffs may be unaware of the identities and roles of relevant actors and, owing to their incarceration or institutionalization, unable to conduct a pre-trial investigation to fill in the gaps. . . . For instance, our cases permit the naming of fictitious defendants as stand-ins until the identities can be learned through discovery. . . . [and] access to discovery may well be critical.

Alston v. Parker, 363 F.3d 229, 233 n. 6 (3d Cir. 2004) (internal citations omitted) (citing Gillespie v. Civiletti, 629 F.2d 637, 642 (9th Cir. 1980)).

Based upon the foregoing and considering the totality of circumstances, the Court finds that good cause exists both to extend the time for service and also to permit limited expedited discovery for Plaintiff to discern the identities of the three John Doe Defendants referenced in the Complaint in order to effectuate such service.  In the absence of such discovery, Plaintiff can neither identify nor serve the John Doe Defendants and thus this action cannot proceed.  Moreover, Plaintiff's proposed subpoenas directed to two non-parties appear tailored to elicit production of narrow categories of documents reasonably calculated to discern the Defendants' identities, with two caveats:  first, the persons commanded to respond to these subpoenas shall have thirty (30)

days in which to produce responsive documents (while the time frame for interposing objections shall be in accordance with Fed. R. Civ. P. 45); and, second, the proposed command to produce "a copy of *every* document, email, and/or record verifying the identity of each SCI Mercer . . . employee who reviewed [Plaintiff's] records for the purposes of calculating his release date" (see Doc. No. 5-2) is susceptible to an overly broad interpretation when considering its limited purpose of identifying the Intake Officer, Counselor, and Clerk as referenced in Paragraphs 5, 6, and 7 of the Complaint, so Plaintiff's proposed subpoena referenced at Doc. No. 5-2 shall be modified before issuance, and, in any event, shall be interpreted as only requiring production of one such defendant-identifying document for each of the three John Doe Defendants (*i.e.*, if a particular "John Doe" is named in multiple documents such as in a memorandum, a piece of correspondence, and in a voluminous string of emails, the subpoena shall be interpreted as only requiring the production of one such document that permits the reader to discern that the person identified therein reviewed Plaintiff's records for the purposes of calculating his release date; rather than commanding the production of every such document on which such person's name appears). This limitation is made without prejudice to broader discovery efforts in accordance with Fed. R. Civ. P. 26 after the Defendants have been served and after the parties participate in their Rule 26(f) conference in the normal course.

Accordingly, Plaintiff's expedited discovery requests, as modified herein, will be permitted. The Court will grant Plaintiff's motion subject to the conditions set forth in the accompanying Order.

W. Scott Hardy
United States District Judge

cc/ecf: All counsel of record

-4-